UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRU TUDOR,<br><br>                Plaintiff,<br><br>   v.<br><br>JOSEPH BIDEN, *et al.*,<br><br>                Defendants. | Case No. C24-1150-JNW<br><br>ORDER TO SHOW CAUSE |

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff's IFP application stated that their net monthly salary is $3,000 and reported no other income. (*Id.* at 1.) Plaintiff's IFP application further reported $6,000 in their checking account, $0 in cash, and no savings. (*Id.* at 2.) Plaintiff does not explain why they cannot use the money in their checking account to pay court fees. (*Id.*) Plaintiff reported no valuable property or dependents. (*Id.*) Plaintiff did not describe any monthly expenses—instead they wrote "N/A"—but Plaintiff also stated that the amount of their monthly expenses is "$5,000+." (*Id.*) Plaintiff did not explain how they pay monthly expenses in excess of their net monthly salary or describe the types of monthly expenses they incur. (*Id.*) Finally, Plaintiff stated they are currently "homeless and on the street." (*Id.*)

ORDER TO SHOW CAUSE - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

The deficiencies in Plaintiff's IFP application leave the Court unable to determine whether Plaintiff cannot pay court fees. Plaintiff did not explain why they cannot use money from their checking account to pay court fees. Plaintiff also failed to describe their monthly expenses, or how Plaintiff pays expenses in excess of their monthly income. Under these circumstances, Plaintiff should not be authorized to proceed IFP unless they correct these deficiencies.

Accordingly, Plaintiff is ORDERED to show cause by **August 19, 2024**, why the Court should not recommend their IFP application be denied. In the alternative, Plaintiff may file an amended IFP application clarifying the deficiencies identified above. Plaintiff is also reminded to substantively complete every part of the IFP application. The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Jamal N. Whitehead.

Dated this 5th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 2