UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRU TUDOR,

      Plaintiff,

 v.

JOSEPH BIDEN, *et al.*,

      Defendants.

Case No. C24-1150-JNW

REPORT AND RECOMMENDATION

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff stated that their net monthly salary is $3,000 and reported no other income. (*Id.* at 1.) Plaintiff's IFP application further reported $6,000 in their checking account, $0 in cash, and no savings. (*Id.* at 2.) Plaintiff did not explain why they could not use the money in their checking account to pay court fees. (*Id.*) Plaintiff reported no valuable property or dependents. (*Id.*) Plaintiff did not describe the types of monthly expenses they incur, yet also stated that the amount of their monthly expenses is "$5,000+." (*Id.*) Plaintiff did not explain how they pay monthly expenses in excess of their monthly income. (*Id.*)

On August 5, 2024, Plaintiff was ordered to show cause by August 19, 2024, why this Court should not recommend that his IFP application be denied. (Dkt. # 3.) Specifically, Plaintiff

REPORT AND RECOMMENDATION - 1

was ordered to: (1) explain why they could not use money from their checking account to pay court fees; and (2) describe their monthly expenses, or how Plaintiff pays expenses in excess of their monthly income. (*Id.* at 2.) To date, Plaintiff has not filed a response to the Order to Show Cause.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court RECOMMENDS that Plaintiff's IFP application (dkt. # 1) be DENIED and Plaintiff be directed to pay the filing fee. Plaintiff failed to correct or respond to the deficiencies in their IFP application, as identified in this Court's Order to Show Cause (dkt. # 3) and explained above.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 10, 2024**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Jamal N. Whitehead.

Dated this 26th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3